IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TALON J. LEE,

        Petitioner,

vs.

TAGGART BOYD,

        Respondent.

8:22CV12

MEMORANDUM AND ORDER

      This matter is before the court on preliminary review of Petitioner Talon J. Lee's Petition for Writ of Habeas Corpus (filing 1) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

> Claim One: Petitioner was denied his rights to a fair trial and due process under the Fourth, Fifth, Sixth, and Fourteenth Amendments when the trial court (1) denied Petitioner's motion to sever charges; (2) granted the State's motion in limine and allowed presentation of evidence of acts occurring in a different state; (3) denied Petitioner's motion brought under Neb. Rev. Stat. § 27-412; (4) denied the jury's request for transcripts of the victims' statements; and (5) allowed the State to not prove venue or jurisdiction requirements.

> Claim Two: Petitioner received ineffective assistance of trial and appellate counsel in violation of the Sixth Amendment because counsel (1) failed to properly force the State to prove venue; (2) failed to compel the State to prove when

                            and where the alleged offenses occurred; (3) withdrew a motion to sever and then argued the motion after withdrawal; (4) only called one witness and failed to call expert witnesses; (5) failed to do any meaningful investigation, including cell phone data; (6) failed to raise a "*Batson*" challenge; (7) failed to ask for a continuance "after learning phone records just days away"; (8) failed to object to improper jury instructions and failed to request that the trial court instruct the jury to deliberate each charged offense and the related evidence separately; (9) failed to demand that the trial court grant the jury's request for a transcript; (10) failed to object to misjoinder; and (11) failed to impeach Amy Schartz's derivative hearsay about victims' statements, conditions, and disclosures.

Claim Three:    Petitioner was denied his constitutional right to a fair trial because the trial court (1) failed to give the jury a limiting instruction to keep charges and their evidence separate during deliberation and (2) gave the jury misleading and contradicting instructions in Instruction Nos. 5 and 6.

Claim Four:    The trial court violated Petitioner's constitutional rights by imposing an excessive sentence.

      The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. **Respondents should be mindful of and, if necessary, respond to Petitioner's allegations in the habeas petition regarding**

**his court-appointed state postconviction counsel's failure to file an appeal of the denial of Petitioner's state postconviction motion**. (*See* Filing 1 at CM/ECF pp. 6, 8, 10, 12, 13–14.)

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (filing 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. By **April 25, 2022**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 25, 2022**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the

    record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

 D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

 E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

 F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

 4. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A. By **April 25, 2022**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **May 25, 2022**: check for Respondent's answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 9th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge