IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TALON J. LEE,<br><br>    Petitioner,<br><br>vs.<br><br>TAGGART BOYD,<br><br>    Respondent. | **8:22CV12**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on correspondence from Petitioner, which the court liberally construes as a motion to appoint counsel. (Filing 6.) Petitioner represents that he was recently involved in an altercation with another inmate and has been placed in restrictive housing with limited access to the law library and assistance from the prison legal aid. Petitioner asks if the court can "help [him] with a[n] attorney" because he feels correction officials are trying to hinder his ability to meet his deadlines in this matter. (*Id.*).

  "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. As this matter stands, Respondent filed state court records in support of an answer on April 25, 2022. Respondent has until May 25, 2022 to file and serve his answer and supporting brief. In accordance with the court's progression order entered March 9, 2022 (filing 3), Petitioner will have 30 days after Respondent files his answer and supporting brief to file his brief in response. If Petitioner requires additional time to prepare and submit his brief, he may request additional time via a written motion to this court.

IT IS THEREFORE ORDERED that: Petitioner's correspondence, construed as a motion to appoint counsel (filing 6), is denied without prejudice to reassertion.

Dated this 20th day of May, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge